IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIE G. POWELL,**

        Petitioner,

   vs.                           Civil Action 2:13-cv-868
                                   Criminal No. 2:07-cr-103
                                   Judge Frost
                                   Magistrate Judge King

**UNITED STATES OF AMERICA,**

        Respondent.

### REPORT AND RECOMMENDATION

     On April 19, 2007, petitioner Willie G. Powell was indicted in this case on one count of conspiracy to distribute and to possess with the intent to distribute over 5 kilograms of cocaine in violation of 21 U.S.C. § 846 (Count 1), one count of possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. § 841 (Count 2), and one count of possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(Count 3). *Indictment*, ECF 12.[1] On October 3, 2007, petitioner entered pleas of guilty, pursuant to a plea agreement, to Counts 1 and 3 of the *Indictment*. *Plea Agreement*, ECF 31; *Minutes, Change of Plea Hearing*, ECF 34. On that same date, petitioner also pleaded guilty, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, to an *Information* originally filed in the Eastern District of Michigan charging petitioner with conspiracy to possess with intent to distribute and to distribute over 5 kilograms of cocaine. *United States of America v. Willie Powell*, 2:07-cr-193. On April 10, 2008, the Court sentenced

---

[1] The *Indictment* also contained two forfeiture counts.

petitioner to 175 months' imprisonment on Count 1 of the *Indictment* and Count 1 of the *Information,* to be served concurrently with each other, and to 60 months imprisonment on Count 3 of the *Indictment*, to be served consecutively with Count 1 in both cases. *Judgment,* ECF 10. The docket in neither case reflects the filing of a notice of appeal.

On September 3, 2013, petitioner filed a motion to vacate his conviction on Count 3 of the *Indictment* in this case. *Motion to Vacate*, ECF 45.[2] Petitioner specifically contends that Count 3 of the *Indictment* was defective. According to petitioner, because Count 3 of the *Indictment* did not contain the phrase "for which the person may be prosecuted in a court of the United States," a jurisdictional element of the offense, that count did not effectively charge petitioner with a federal crime  As a consequence, petitioner argues, this Court lacked jurisdiction to convict him on that count. Petitioner asks that his conviction on Count 3 of the *Indictment* be vacated and that his sentence be reduced by five (5) years.

Respondent takes the position that the *Motion to Vacate* was untimely filed. *Response to Motion to Vacate*, ECF 47. Petitioner argues that a jurisdictional defect may be raised at any time. *Motion to Vacate*, PAGEID #98.

The statute of limitations applicable to motions to vacate under § 2255 is set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

---

[2] The *Motion to Vacate* indicates that it was signed by petitioner on August 25, 2013. *Motion to Vacate*, PAGEID # 97.

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal conviction becomes final upon conclusion of direct review. *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). If an appeal is pursued, the judgment becomes final upon the expiration of the 90-day period in which the defendant could have petitioned for *certiorari* to the United States Supreme Court, even if no such petition has been filed. *Clay v. United States*, 537 U.S. 522, 532 (2003). If, as here, the defendant does not pursue a direct appeal, the judgment becomes final upon the expiration of the period during which the defendant could have appealed the judgment. In 2008, that period was ten (10) days. *See* Fed. R. App. P. 4(b)(1)(A)(2008).

Petitioner's conviction became final on April 21, 2008.[3] The statute of limitations expired one year later, on April 20, 2009. Still, petitioner waited more than four (4) years later, until August 2013, to execute his *Motion to Vacate*. The *Motion to Vacate* is

---

[3] Ten (10) days after the entry of the April 10, 2008 judgment fell on a Sunday. Thus, the following business day controls.

3

therefore untimely. Moreover, petitioner neither claims nor presents facts supporting a right to equitable tolling of the statute of limitations. See *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In short, the Court concludes that the *Motion to Vacate* must be dismissed as untimely.

Moreover, petitioner has waived his right to this Court's consideration of his claim. Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that a "motion alleging a defect in the indictment or information" must be raised before trial, although "the court may hear a claim that the indictment. . . fails to invoke the court's jurisdiction or to state an offense" "at any time while the case is pending. . . ." Rule 12(b)(3)(B). Petitioner did not raise his present claim prior to trial and his conviction has, as noted *supra*, become final. Petitioner has therefore defaulted on his objection to the *Indictment*. Fed. R. Crim. P. 12(e)("A party waives any Rule 12(b)(3) defense, objection or request not raised by the deadline the court sets . . . or by any extension the court provides. For good cause, the court may grant relief from the waiver.").

In order to secure review of this claim in this proceeding under § 2255, petitioner "must demonstrate 'good cause' for his failure to raise the claim and prejudice if unable to proceed, or he must demonstrate actual innocence." *Bates v. United States*, 473 Fed. Appx. 446, 448 (6th Cir. April 2, 2012)(citing *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). Petitioner has argued neither cause for his default nor prejudice resulting from any error; similarly,

4

petitioner has made no showing of actual innocence of the offense charged in Count 3 of the *Indictment*.  Under these circumstances, the Court declines to entertain his claim on collateral attack in these proceedings. *See Davis v. United States*, 411 U.S. 233 (1973).

It is therefore **RECOMMENDED** that the *Motion to Vacate*, ECF 45, be **DISMISSED** as untimely and/or procedurally defaulted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                        *s/Norah McCann King*
                                        Norah M$^c$Cann King
                               United States Magistrate Judge

Date:  March 21, 2014